# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MIGUEL ROBERSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:17-cv-0508-JMS-MPB |
| SUPERINTENDENT, | ) ) ) |
| Respondent. | ) ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Miguel Roberson for a writ of habeas corpus challenges a prison disciplinary proceeding in IYC 16-01-0209. For the reasons explained in this entry, Mr. Roberson's habeas petition must be **denied**.

## A. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). A violation of state law will not support the issuance of a writ of habeas corpus. *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir. 1997).

## B. The Disciplinary Proceeding

On January 20, 2016, Investigator Prulhiere wrote a Report of Conduct charging Mr. Roberson with possession or use of a controlled substance. The conduct report states:

> On December 29, 2015, at approximately 10:24 AM, Offender Miguel Roberson 979116 submitted his own urine for testing to Sergeant B. Fugate for a random drug screening. The submitted urine was sent to Redwood Toxicology Laboratory for testing. Offender Roberson's urine was tested for controlled substances using the LC/MS/MS-Liquid Chromatography Tandem Mass Spectrometry method. As a result of the test, Offender Roberson's urine tested positive for Amphetamines and Methamphetamine. Due to the testing being positive for controlled substances, Offender Roberson is receiving this report.

Dkt. 6-1; dkt. 6-2.

On January 30, 2016, Mr. Roberson was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate but did not request to call any witnesses. Mr. Roberson requested the lab results as physical evidence. Dkt. 6-3.

The hearing officer conducted a disciplinary hearing on February 26, 2016, and found Mr. Roberson guilty of possession or use of a controlled substance. In making this determination, the hearing officer considered the staff reports, the offender's statement and the toxicology report. Based on the hearing officer's recommendations the following sanctions were imposed: a 30-day loss of commissary, telephone, and J Pay privileges, restitution in the amount of $48.08 which represents the cost of the toxicology test, an earned credit time deprivation of 90 days, and a demotion from credit class 2 to credit class 3. The hearing officer recommended the sanctions because of seriousness of the offense, the frequency and nature of the offense, the offender's attitude and demeanor during the hearing, and the degree to which the violation disrupted/endangered the security of the facility. Dkt. 6-5.

Mr. Roberson's appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

## C. Analysis

Mr. Roberson is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) violations of Indiana Department of Correction ("IDOC") policy resulted in due process violations; and 2) he was not advised of his due process rights.

First, Mr. Roberson argues that his due process rights were violated because of the delay between the date of the incident (when the conduct report was written) and the date the disciplinary hearing was held. Mr. Roberson also argues that a due process violation occurred because Investigator Prulhiere, the author of the conduct report, was not a witness to the dirty urine test.

The respondent argues that Mr. Roberson has procedurally defaulted these claims. To obtain review of a claim for habeas relief, a prisoner must first exhaust his state administrative remedies. *Markham v. Clark*, 978 F.2d 993, 995–96 (1992); *see* 28 U.S.C. § 2254(b)(1)(A), (c). Exhaustion requires that the prisoner present each claim he seeks to raise in his habeas petition at each level of the administrative appeals process. *Markham*, 978 F.2d at 995-96; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The prisoner must provide sufficient information to put a reasonable prison official on notice as to the nature of his claim, so that the prison officials are afforded an opportunity to correct any problems. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Failure to exhaust a claim results in a procedural default that bars federal habeas relief. *Id.* at 981-82. Procedural default caused by failure to exhaust administrative review can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Mr. Roberson admits in his petition that he failed to raise these arguments in his administrative appeals. *See* dkt. 2, p. 2. He also did not to file a response to the respondent's return, so he has not shown adequate cause or a fundamental miscarriage of justice. Because Mr. Roberson did not raise these claims in his administrative appeals, they have been procedurally defaulted and he may not raise them in this Court.

Next, Mr. Roberson argues that he was not given a clear understanding of his due process rights. Stated another way, the Court interprets Mr. Roberson's argument to be that a due process violation occurs if an inmate does not receive notice of his rights under *Wolff* independent of the rights set forth in the IDOC's screening report. Dkt. 1, p. 3. However, *Wolff* requires no such notice. *Wolff* says that the due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Hill,* 472 U.S. at 454; *Wolff,* 418 U.S. at 570-71. *Wolff* does not require that the inmate be specifically advised of these rights and that if such advisement does not occur there is a due process violation. These rights are set forth in the IDOC screening report. Dkt. 6-3. Moreover, Mr. Roberson signed the bottom of the screening report with the statement "I was not advised rights. I want to see the paperwork that was submitted with the [illegible] screen and camera" in the offender's signature block. His signature on the screening report sufficiently indicates knowledge of his rights. Moreover, he has not identified any prejudice from what he alleges to be insufficient notice. As such, there was no due process violation. See *Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir.2011) (absent prejudice, any alleged due process error is harmless error).

## D. Conclusion

Under *Wolff* and *Hill,* Mr. Roberson received all the process to which he was entitled, that is, adequate notice which was given. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/15/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MIGUEL ROBERSON
#979116
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail T. Rom
OFFICE OF THE ATTORNEY GENERAL
abby.rom@atg.in.gov